UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SCOTT L. PRICE,                                    Civil No. 10-1061-AA

        Plaintiff,                               OPINION AND ORDER

    v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

---

TIM WILBORN
Wilborn Law Office, P.C.
P.O. Box 2768
Oregon City, OR 97045
    Attorney for Plaintiff

S. AMANDA MARSHALL
United States Attorney
District of Oregon
ADRIAN L. BROWN
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, OR 97201-2902

DAVID J. BURDETT
Special Assistant United States Attorney
Office of the General Counsel
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, WA 98104-70
    Of Attorneys for Defendant

1    - OPINION AND ORDER

AIKEN, Chief Judge:

Plaintiff Scott L. Price brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision of the Commissioner of Social Security denying plaintiff's claim, for Social Security Disability (SSD) insurance benefits and Supplemental Security Income (SSI) disability benefits. The parties agree that this court should remand the ALJ's decision. The issue for this court is whether the case should be remanded for further proceedings or for a finding of disability and payment of benefits.

## BACKGROUND

Plaintiff filed applications for SSD and SSI benefits on March 19, 2004. Tr. 74-76. Plaintiff, born in April 1961, alleges disability beginning on October 10, 2002 (Tr. 74), based on a combination of impairments, including low back impairments; bilateral, right-sided peripheral vision loss; lumbar degenerative joint disease of the right knee; a bilateral shoulder impairment residual impairment from a stroke; migraine headaches; severe sleep apnea; and HIV disease. Tr. 633. Plaintiff's applications were denied, and after timely requesting a hearing on May 22, 2007, an administrative law judge (ALJ) issued a decision finding plaintiff not disabled. Tr. 14-28. The Appeals Council declined to grant plaintiff's request for review (Tr. 5-7), and plaintiff sought judicial review of the ALJ's decision in Civil Action No. 08-279-AA. After plaintiff filed his opening brief in that case, the

2 - OPINION AND ORDER

parties stipulated to a remand for further proceedings. Tr. 657-61. Upon remand, another ALJ found plaintiff not disabled (Tr. 625-40), which became the final decision of the Commissioner pursuant to 20 C.F.R. § 404.984(d).

## STANDARD OF REVIEW

This Court has the discretion to reverse the Commissioner's decision with or without a remand for further administrative proceedings. See 42 U.S.C. § 405(g); Harman v. Apfel, 211 F.3d 1172, 1177-78 (9th Cir. 2000). "[R]emand for further proceedings is unnecessary if the record is fully developed and it is clear from the record that the ALJ would be required to award benefits." Holohan v. Massanari, 246 F.3d 1195, 1210 (9th Cir. 2001). The Ninth Circuit articulated a test for determining when to remand for an immediate finding of disability and award of benefits in Smolen v. Chater, 80 F.3d 1273 (9th Cir. 1996) (Smolen Test). Accordingly, this Court may credit evidence and remand for an award of benefits where:

1) The ALJ has failed to provide legally sufficient reasons for rejecting [medical opinions or a claimant's testimony];
2) There are no outstanding issues to be resolved before a determination of disability can be made; and
3)It is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

See id. at 1292. If, however, unresolved issues remain such that the record does not clearly require a finding of disability, the court should remand for further proceedings to remedy defects in

3   - OPINION AND ORDER

the original proceedings. See id.; McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).

## COMMISSIONER'S DECISION

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

In order to determine whether a person is disabled under the statutory scheme, a five-step analysis is employed. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof in steps one through four, and the Commissioner bears the burden of proof at step five. See Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

In step one, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." Yuckert, 482 U.S. at 140; 20 C.F.R. 404.1520(b), 416.920(b). If so, the claimant is deemed not disabled. In the instant case, the ALJ found that plaintiff had not engaged in substantial gainful activity during the relevant time period. Tr. 630.

In step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments."

4   - OPINION AND ORDER

Yuckert, 482 U.S. at 140-41; 20 C.F.R. §§ 404.1520(c), 416.920(c).
If severe impairments are not found, then the claimant is deemed
not disabled; alternatively, if they are found, the analysis
proceeds to step three. Id. In the instant case the ALJ found that
plaintiff had the following severe impairments: degenerative disc
disease with low back pain, HIV positive status, history of stroke
with right visual field defect, obesity, sleep apnea, depression,
low verbal memory, right knee pain with history of surgery, history
of methamphetamine dependence, and hypertension. Tr. 630.

In step three, the analysis determines whether the impairment
or combination of impairments meets or equals "one of a number of
listed impairments that the [Commissioner] acknowledges is so
severe as to preclude gainful activity." Yuckert, 482 U.S. at 141;
20 C.F.R. §§ 404.1520(d), 416.920(d). If so, then the claimant is
presumed disabled; if not, the analysis proceeds to step four.
Yuckert, 482 U.S. at 141. The ALJ did not find that plaintiff had
an impairment or combination of impairments that was either among
the listed impairments or the medical equivalent thereof in the
instant case. Tr. 631.

In step four, the Commissioner determines whether the claimant
can still perform past relevant work (PRW), and if so, the
Commissioner makes a finding that the claimant is not disabled. 20
C.F.R. §§ 404.1520(e), 416.920(e). The key issue at this step is
determining the claimant's residual functional capacity (RFC),

5    - OPINION AND ORDER

which reflects the claimant's ability to perform sustained work
activities in an ordinary work setting. Social Security Regulation
(SSR) 96-8p. In the instant case, the ALJ found plaintiff had the
following RFC:

> [T]he claimant has the residual functional capacity to
> perform light work . . . except that he can carry up to
> 10 pounds occasionally. He can sit for 30 minutes at a
> time for a total of 6 hours. He can stand 15 minutes at
> a time for a total of 1 hour. He can walk 10 minutes at
> a time for a total of 1 hour. He needs a cane to ambulate
> more than 50 feet. With the right upper extremity he is
> limited to occasional reaching in all directions, pushing
> and pulling.    He is limited to frequent handling,
> fingering and feeling with the right upper extremity. He
> has no manipulative limitations with the left upper
> extremity. He is limited to occasional operation of foot
> controls bilaterally. He can avoid ordinary hazards such
> as boxes on the floor, doors ajar, or approaching people
> or vehicles. He can read small and ordinary print and can
> view a computer screen. He can determine shapes and
> color. He should not be exposed to unprotected heights or
> moving mechanical parts or machinery. He can occasionally
> operate a motor vehicle. He is limited to occasional
> exposure to dust, odors, fumes and other pulmonary
> irritants and extreme heat and cold and vibrations. He
> can work in a moderately noisy environment such as an
> office. He has moderate limitations in following complex
> instructions and making complex judgments such that he is
> capable of simple, routine tasks and occasionally more
> complex tasks.

Tr. 632. In light of the RFC, and based on the testimony of the
vocational expert (VE), the ALJ further determined that plaintiff
was unable to perform his PRW. Tr. 638-39.

In step five, the Commissioner carries the burden to establish
that the claimant is capable of performing other work that exists
in significant numbers in the national economy. Yuckert, 482 U.S.
at 141-42; 20 C.F.R. §§ 404.1520(f), 416.920(f). If the

Commissioner proves that the claimant is able to perform such work, the claimant is deemed not disabled; alternatively, if the Commissioner is unable to meet the burden, the claimant is deemed disabled. 20 C.F.R. §§ 404.1566, 416.966. Here, relying on the Medical-Vocational Guidelines and VE testimony, the ALJ found that plaintiff could perform other work in the national economy, such as the unskilled light exertion jobs of parking lot cashier and paper sorter. Tr. 639. The ALJ therefore found plaintiff was not disabled within the meaning of the Act. Tr. 640.

## DISCUSSION

Plaintiff claims that the ALJ erred at steps two and three by failing to identify or accept and consider all of plaintiff's severe impairments, at step four's RFC determination by failing to give clear and convincing reasons to reject limitations identified by Dr. Ellison, and at step five by identifying occupations which require functional capacities which are inconsistent with the ALJ's own RFC findings. Plaintiff further contends that the ALJ's RFC finding and/or Dr. Ellison's assessment limits plaintiff to a significantly reduced range of sedentary work, such that pursuant to policy guidelines in SSR 96-9p, plaintiff is disabled within the meaning of the Act. Finally, plaintiff argues that due to these alleged errors, the court should remand for immediate benefits pursuant to the Smolen Test. The Commissioner concedes that the ALJ's decision contains errors, but contends that because the ALJ

7    - OPINION AND ORDER

cited appropriate reasons for supporting his credibility determination, the case should be remanded for further proceedings in order to more fully develop the medical and vocational record.

## A. The ALJ did not err at steps two and three of the disability analysis.

Plaintiff first argues that the ALJ failed to recognize all of plaintiff's impairments at step two by omitting plaintiff's bilateral shoulder impairments from the list of severe impairments. Plaintiff further argues that omission of the bilateral shoulder impairment in step two led to an erroneous step three determination that plaintiff's impairments do not meet or equal any listed impairment. Defendant does not address this omission in his brief. Although the ALJ omitted plaintiff's bilateral shoulder impairment at step two, plaintiff's shoulder impairments were later recognized by the ALJ at step four:

With the upper right extremity he is limited to occasional reaching in all directions, pushing a pulling. He is limited to frequent handling, fingering and feeling with the right upper extremity. He has no manipulative limitations with the left upper extremity.

Tr. 632. Even if it was error to omit the impairment from the list at step two, the addition of the shoulder impairment would not have affected the outcome at step three given the lack of supporting medical evidence. Further, because the ALJ considered limitations resulting from plaintiff's shoulder impairment, any error at step two was harmless.

## B. The ALJ erred at step four by improperly discrediting Dr.

8  - OPINION AND ORDER

Ellison's assessment.

Plaintiff next argues that the ALJ's RFC determination was erroneous since it did not include certain limitations assessed by Dr. Ellison. Although the ALJ gave Dr. Ellison's February 2010 assessment of plaintiff "significant weight" (Tr. 638), the ALJ did not provide reasons for rejecting parts of the assessment. Critically, Dr. Ellison's opinion that plaintiff could never "climb, balance, stoop, kneel, crouch or crawl" was omitted from both the ALJ's RFC and the hypothetical to the VE, even though the ALJ mentioned these findings in her discussion of the medical evidence. Tr. 638.

In Lester, the Ninth Circuit found that an ALJ "must provide 'clear and convincing' reasons for rejecting the uncontradicted opinion of an examining physician." Lester v. Chater, 81 F.3d, 821, 830-31 (9th Cir. 1995). When an ALJ improperly rejects an uncontradicted opinion of an examining physician, those opinions are credited as true as a matter of law. See id. at 834; Harman, 211 F.3d at 1179; Smolen, 80 F.3d at 1281-83. Here, the ALJ did not present any reason whatsoever to reject Dr. Ellison's opinion. Defendant's contention that the ALJ cited clear and convincing reasons to doubt the credibility plaintiff's disability is unavailing, as the ALJ simply did not articulate any reason to discredit certain parts of Dr. Ellison's assessment, which was otherwise given significant weight. Even if the ALJ correctly

discredited plaintiff's testimony, the record is completely lacking any rationale to discredit Dr. Ellison's. Therefore, I find that Dr. Ellison's assessment should be credited in full, and that the ALJ committed reversible error by omitting parts of the assessment in the RFC determination in step four.

## C.  The ALJ erred at step five by determining that plaintiff could perform two light work occupations.

Plaintiff argues that the ALJ erred by determining that plaintiff was able to perform two light work occupations, contrary to her RFC findings. Plaintiff further alleges that the ALJ's error in the RFC determination makes the ALJ's hypothetical and VE testimony invalid. Defendant does not offer an argument on these issues, asserting that the matter should be remanded for further proceedings as to the extent of plaintiff's limitations.

The ALJ found that plaintiff has the RFC to perform light work with exceptions, including that he can occasionally carry 10 pounds, stand for a total of one hour, walk for a total of one hour, and occasionally reaching with the upper right extremity. Based on the VE testimony, the ALJ concluded that plaintiff was able to perform the unskilled light work occupations from the Dictionary of Occupational Titles (DOT) of parking lot cashier (DOT #211.462-010) and paper sorter (DOT #649.687-010). Plaintiff argues, and I agree, that his limitations are inconsistent with the capacities required for "light work" pursuant to agency regulations.

10   - OPINION AND ORDER

> The regulations define light work as lifting no more than
> 20 pounds at a time with frequent lifting or carrying of
> objects weighing up to 10 points . . . [a] job is in this
> category when it requires a good deal of walking or
> standing—the primary difference between sedentary and
> most light jobs . . . relatively few unskilled light jobs
> are performed in a seated position . . . the full range
> of light work requires standing or walking, off and on,
> for a total of approximately 6 hours of an 8-hour workday
> . . . the lifting requirement can be accomplished with
> occasional, rather than frequent, stooping . . .
> [unskilled light jobs] require use of arms and hands to
> grasp and to hold and turn objects.

SSR 83-10. Clearly, inconsistencies exist between the capabilities described in the ALJ's RFC and the capabilities required under the definition of light work.

Plaintiff's also argues that if Dr. Ellison's opinion regarding plaintiff's inability to "climb, balance, stoop, kneel, crouch or crawl" is properly credited, plaintiff is precluded from performing light work. I agree. SSR 83-10 states that light exertion work generally requires occasional stooping. Dr. Ellison opined, and as a matter of law under Lester I accept as true, that plaintiff does not possess the capacity to perform a job where stooping is even an occasional requirement. Accordingly, plaintiff is not able to perform light exertion work as defined in SSR 83-10. Thus, the ALJ's occupational findings in step five were erroneous.

## D. Application of the Smolen Test dictates a finding of disability and remand for payment of benefits.

Given the errors in the ALJ's decision, the court must decide whether to remand for further proceedings or to remand for payment of benefits pursuant to the Smolen Test. Here, the ALJ failed to

11 - OPINION AND ORDER

provide legally sufficient reasons for rejecting Dr. Ellison's medical opinions and that opinion is credited for reasons explained above. Thus, step one of the Smolen Test is satisfied. Smolen, 80 F.3d at 1292.

Steps two and three of the Smolen Test require that "there are no outstanding issues to be resolved before a determination of disability can be made, [and] it is clear from the record that the ALJ would be required to find the claimant disabled." Id. Plaintiff argues that once Dr. Ellison's opinion is credited, the record establishes that plaintiff is unable to perform light work, and that plaintiff's resulting RFC would represent a significant erosion of the unskilled sedentary occupational base, which necessitates a finding of disabled.

Based on Dr. Ellison's opinion and the ALJ's formal RFC, it is clear that plaintiff can perform, at most, sedentary work. The Commissioner's rulings recognize, however, that a finding of disability may be warranted if a claimant is limited to less than the full range of unskilled sedentary work and his remaining occupational base is therefore "significantly eroded." SSR 96-9p.

Plaintiff contends that considering the ALJ's formal RFC and Dr. Ellison's opinion, it is clear that plaintiff is limited to performing less than the full range of sedentary work, and therefore a finding of disabled is appropriate pursuant to SSR 96-9p. Specifically, plaintiff first contends that limitations

12  - OPINION AND ORDER

involving his right upper extremity (right arm) should be considered "manipulative limitations" as defined in SSR 96-9p:

> Manipulative limitations: Most unskilled sedentary jobs require good use of both hand and the fingers; *i.e.* bilateral manual dexterity. Fine movements of small objects require use of the fingers; *e.g.* to pick or pinch. Most unskilled sedentary jobs require good use of the hands and fingers for repetitive hand-finger actions.

> Any *significant* manipulative limitation of an individual's ability to handle and work with small objects with both hands will result in a significant erosion of the unskilled occupational base.

SSR 96-9p (emphasis in the original). However, the ALJ's RFC findings state that plaintiff is "limited to frequent handling, fingering and feeling with the right upper extremity" and had no manipulative limitations with the left upper extremity. Tr. 632. Dr. Ellison's opinion regarding plaintiff's manipulative limitations is wholly consistent with that part of the RFC. Tr. 638. Plaintiff's argument appears to be that a limitation of "frequent handling, fingering and feeling" is a significant limitation on an individual's ability to handle and work with small objects. However, I cannot find from the record that the limitation of "frequent handling, fingering and feeling" constitutes a significant limitation of plaintiff's bilateral manual dexterity which precludes the full range of unskilled sedentary work in the context of SSR 96-9p.

Plaintiff also contends that Dr. Ellison's opinion that plaintiff can never "stoop or balance" precludes unskilled

13  - OPINION AND ORDER

sedentary work. SSR 96-9p states:

> A *complete* inability to stoop would significantly erode
> the unskilled sedentary occupation base would usually
> apply . . . if an individual is limited in balancing even
> when standing or walking on level terrain, there may be
> a significant erosion of the unskilled sedentary
> occupational base.

SSR 96-9p (emphasis in the original). While the SSR explains that

anything less than "occasional" balancing or stooping may require

consultation with a VE, Dr. Ellison's opinion is quite clear that

plaintiff does not have any capacity to stoop or balance as part of

his daily occupational activities. Therefore, the record

establishes that plaintiff's balancing and stooping limitations

significantly erode the range of unskilled sedentary occupations

and that plaintiff cannot perform the full range of unskilled

sedentary work, which has a small occupational base to begin with.

SSR 96-9p.

Moreover, plaintiff's case, which was filed more than seven

years ago, has already been the subject of three administrative

hearings. As the Ninth Circuit has observed, "[r]emanding a

disability claim for further proceedings can delay much needed

income for claimants who are unable to work and are entitled to

benefits, often subjecting them to 'tremendous financial

difficulties while awaiting the outcome of their appeals and

proceedings on remand.'" Benecke v. Barnhart, 379 F.3d 587, 595

(9th Cir. 2004) (quoting Varney v. Sec'y Health & Human Servs., 859

F.2d 1396, 1398 (9th Cir. 1988)).

14   - OPINION AND ORDER

Here, the ALJ found that plaintiff RFC precludes him from performing his PRW. Plaintiff's standing and walking limitations also preclude him from performing the full range of light exertion work. Plaintiff's examining physician opines that his limitations preclude all stooping and balancing, which significantly erodes the full range of sedentary work according to the Commissioner's Social Security Rulings. Finally, the Commissioner concedes that the ALJ erred at both steps four and five.

As the Commissioner failed on remand to meet the burden of proof at step five, and given that no sedentary jobs were identified which plaintiff is qualified to do when the medical evidence is properly credited, I find that the plaintiff is disabled under the Act.  Further proceedings in this case would only delay plaintiff's receipt of benefits.

<div align="center">CONCLUSION</div>

For the reasons stated above, the ALJ's findings are not supported by substantial evidence in the record. Accordingly, the Commissioner's decision is REVERSED and REMANDED for the payment of benefits.

IT IS SO ORDERED.

Dated this 17th day of January, 2012.

Ann Aiken
United States District Judge

15   - OPINION AND ORDER